**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL LOSINGER, JR.,** | : | **CIVIL ACTION NO. 1:04-CV-2000** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **FRANK GILLIS, et al.,** | : | |
| **Respondent** | : | |

**MEMORANDUM**

Presently before the court is a petition for writ of habeas corpus (Doc. 11) pursuant to 28 U.S.C. § 2254. For the reasons that follow, the petition will be dismissed.

**I. Statement of Facts**

In 1999, following the entry of guilty pleas to burglary, theft, unsworn falsification to authorities and impersonating a public servant, petitioner Paul J. Losinger ("Losinger") was sentenced by a Pennsylvania state court to an aggregate sentence of eleven to twenty-two years incarceration. (Doc. 18-2, p. 25, Doc. 18-2, p. 30). The judgment of sentence was affirmed by the Pennsylvania Superior Court on July 7, 2000, and Losinger did not seek further review with the Pennsylvania Supreme Court or the United States Supreme Court. (Doc. 18-2, p. 25). In June 2002, Losinger filed a petition pursuant to the Post Conviction Relief Act (PCRA), 42 PA. CONS. STAT. §§ 9541-9546. That petition was dismissed as time-barred. (Doc. 20, p. 4). No appeal was taken. In August 2003, Losinger filed a second PCRA petition, which was also dismissed as time-barred. No appeal was taken. Id. In

2005 Losinger filed a third PCRA petition. It, too, was dismissed as untimely, and again no appeal was taken. Id.

The instant petition was filed on March 8, 2005, and alleges ineffective assistance of trial counsel in violation of Whether's Sixth Amendment rights.[1] (Doc. 11). On April 8, 2005, the court issued an order advising Losinger that he could either have the petition ruled upon as filed, or have the petition withdrawn without prejudice to the filing of an all inclusive petition at a later date. (Doc. 13). Losinger filed a notice of election in which he opted to have the court consider the petition as filed. (Doc. 14).

## II. Discussion

Section 2244 of title 18 of the United States Code establishes a one-year statute of limitations period for federal habeas corpus petitions filed by anyone in state custody. See 28 U.S.C. §2244(d)(1). The limitations period begins to run from the date on which the petitioner's judgment became final, to wit: either the date of a final decision on direct appeal, or the date of the expiration of the time period for seeking such an appeal. See id.; see also Morris v. Horn, 187 F.3d 333, 337, n. 1 (3d Cir. 1999); Kapral v. United States, 166 F.3d 565, 575, 577 (3d Cir. 1999).

---

[1] Petitioner also alleges the ineffective assistance of PCRA counsel, however, the Constitution does not guarantee a federal right to counsel at a state collateral review proceeding, and thus there can be no Sixth Amendment violation arising from ineffective assistance of counsel at such proceeding. See Werts v. Vaughn, 228 F.3d 178, 190 (3d Cir. 2000).

In the case *sub judice*, the limitations period for filing a habeas corpus petition commenced when the time for petitioning the United States Supreme Court for a writ of certiorari expired—ninety days after the date on which the Pennsylvania Superior Court affirmed Losinger's judgment of sentence.  See Lines v. Larkins, 208 F.3d 153, 164 (3d Cir. 2000); see also Kapral, 166 F.3d at 575 (direct review concludes with the expiration of the time for petitioning for certiorari review).  As Losinger's judgment of sentence was affirmed on June 7, 2000, the limitations period commenced on October 5, 2000, and Losinger had until October 5, 2001 to file a § 2254 petition.  The instant petition—filed on September 9, 2004—is therefore untimely and will be dismissed.[2]

An appropriate order will issue.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge

Dated:        October 5, 2005

---

[2] Although the limitations period is tolled during the pendency of an application for PCRA or other collateral review, see 28 U.S.C. § 2244(d)(2), Losinger did not file his first PCRA petition until almost two years after his conviction had become final and, hence, the limitations period had already expired.

**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **PAUL LOSINGER, JR.,** | : | **CIVIL ACTION NO. 1:04-CV-2000** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **FRANK GILLIS, et al.,** | : | |
| **Respondent** | : | |

## ORDER

AND NOW, this 5th day of October, 2005, upon consideration of the petition for writ of habeas corpus (Doc. 11), and for the reasons set forth in the accompanying memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus (Doc. 11) is DISMISSED as untimely.  See 28 U.S.C. § 2244(d)(1).

2. A certificate of appealability is DENIED.  See 28 U.S.C. § 2253.

3. The Clerk of Court is directed to CLOSE this case.

          S/ Christopher C. Conner
          CHRISTOPHER C. CONNER
          United States District Judge